NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAHCO, INC., | |
| Plaintiff, | **Civil Action No. 19-14742 (SRC)** |
| v. | **OPINION** |
| SOVEREIGN LOGISTICS LTD., | |
| Defendant. | |

**CHESLER**, District Judge

This matter comes before the Court upon the filing by Plaintiff, Mahco, Inc. ("Mahco" or "Plaintiff"), on a motion for default judgment. Defendant, Sovereign Logistics, Ltd. ("Sovereign Logistics" or "Defendant"), did not file opposition. The Court has reviewed the parties' submissions and proceeds to rule without oral argument. See Fed. R. Civ. P. 78(b). For the reasons that follow, the Court will deny Plaintiff's motion for default judgment against Sovereign Logistics.

### I.   BACKGROUND

This is a civil action wherein Plaintiff seeks the entry of default judgment against Defendant for damages that were allegedly incurred while transporting cargo. The Complaint provides the following pertinent facts:

Mahco is a corporation incorporated in Arkansas with its principal place of business in Bentonville, Arkansas. Sovereign Logistics is a business entity organized and existing under the laws of the Republic of Kenya with its principal place of business in Mombasa, Kenya.

1

Mahco imported cargo that was transported by Defendant in May 2018. The cargo consisted of 1,302 cartons that contained 31,248 pieces of clothing. The cargo was placed and transported inside of a forty foot "oceangoing" container. Pursuant to the Liner Bill of Lading, Defendant was to arrange for the delivery of the cargo.

In or around early May 2018, Defendant Sovereign arranged for the delivery of the cargo. Defendant retrieved the cargo from New Wide Garments Kenya Epz Ltd in Nairobi, Kenya. According to the Complaint, the cargo was in good condition and was properly prepared for shipment. Sovereign transported the cargo by truck to Mombasa, Kenya. After arriving in Mombasa, Kenya, the cargo was loaded onto an oceangoing vessel.

 The cargo was then transported from the port of loading in Mombasa, Kenya to the port of discharge in Newark, New Jersey, as specified in the SSL Liner Bill of Lading. On July 10, 2018, the container that housed the cargo was offloaded and delivered to a warehouse in Linden, New Jersey. After arriving at the warehouse, "a water line was observed throughout the bottom stow of the container." (Compl. ¶ 11.) It was later determined that all of the cartons stored on the floor of the container suffered extensive water damage. Upon further investigation, it was revealed that the container had been "subjected to standing water immediately prior to loading in Mombasa and while it remained in Sovereign Logistics' exclusive possession, custody and control." (Compl. ¶ 11.)

As a result of the container's exposure to standing water, the Complaint alleges that Plaintiff incurred damages in the amount of $47,804.19 plus pre-judgment interest.

Plaintiff filed a motion for default judgment on April 23, 2020. Plaintiff moves for judgement to be entered against Sovereign Logistics in the amount of $47,804.19 plus pre-judgment interest and costs of suit. The docket shows that, on or about March 10, 2019, Stanley

N. Aura executed service of the summons and complaint. Defendant failed to answer or otherwise respond to the Complaint. Upon Plaintiff's request, the Clerk of Court entered default against Defendant pursuant to Federal Rule of Civil Procedure 55(a) on December 5, 2019.

### a.   THE BILL OF LADING

The SSL Liner Bill of Lading provides the following relevant information regarding the subject shipment of cargo. The Bill of Lading identifies the shipper as New Wide Garments Kenya Epz Ltd., located in Nairobi, Kenya. The named consignee was Arvest Bank of Tulsa, Oklahoma. The vessel, a Nicoline Maersk V.1808, was to leave the port of loading in Mombasa, Kenya and arrive at the port of discharge in Newark, New Jersey. The Bill of Lading states that the cargo was to be dispersed and delivered to a location in Bentonville, Arkansas.

The terms of the Bill of Lading clearly designate the appropriate jurisdiction for contractual disputes relating to the shipping agreement. Paragraph Three, entitled "Jurisdiction," states: "Any dispute arising under this Bill of Lading shall be decided in the country where the carrier has his principal place of business, and the law of such country shall apply except as provided elsewhere herein." (Bill of Lading ¶ 3.)

### II.   DISCUSSION

Fed. R. Civ. P. 55(b)(2) authorizes the entry of a default judgment against a party that has defaulted. A consequence of the entry of a default judgment is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (quoting 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)). Even so, before entering default judgment, the Court must first determine whether the unchallenged facts constitute a legitimate cause of action. Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536 (D.N.J. 2008). A party

seeking default judgment pursuant to Rule 55(b)(2) must prove damages. Comdyne, 908 F.2d at 1149. Moreover, "as a threshold matter, the court must first satisfy itself that it has personal jurisdiction over the party against whom default judgment is requested." D'Onofrio v. Il Mattino, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006) (citing Mwani v. bin Laden, 417 F.3d 1, 6 (D.C. Cir. 2005)). It is well-established in the Third Circuit that "the entry of a default judgment is left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).

This Court "may assert personal jurisdiction over a nonresident defendant to the extent allowed under the law of the forum state." Id. New Jersey's long-arm statute, N.J. Ct. R. 4:4-4, authorizes personal jurisdiction "as far as is permitted by the Fourteenth Amendment to the United States Constitution." Decker v. Circus Hotel, 49 F. Supp. 2d 743, 746 (D.N.J. 1999); see also Avdel Corp. v. Mecure, 58 N.J. 264, 268 (1971) (holding that New Jersey's long-arm rule "permits service on nonresident defendants subject only to 'due process of law'"). The Fourteenth Amendment's due process clause "limits the power of a state court to render a valid personal judgment against a nonresident defendant." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). It is well-established that a determination of whether due process permits a court to assert its power over a nonresident defendant must focus on "the defendant's relationship to the forum State." Bristol-Myers Squibb Co. v. Superior Court, 582 U.S. ___, 137 S. Ct. 1773, 1779 (2017).

In that regard, Supreme Court jurisprudence has recognized two types of personal jurisdiction, general ("all purpose") jurisdiction and specific ("case-linked") jurisdiction, which are distinct based on the nature and extent of the defendant's contacts with the forum. Id.; Goodyear Dunlop Tires Operations., S.A. v. Brown, 564 U.S. 915, 919 (2011). General

jurisdiction applies when the defendant's "affiliations with the State are so 'continuous and systematic as to render them essentially at home in the forum state." Goodyear, 564 U.S. at 919 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 317 (1945)). Where general jurisdiction exists, the defendant's contacts with the state need not be related to the litigation, and, indeed, the forum court "may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different state." Bristol-Myers Squibb, 137 S. Ct. at 1780 (citing Goodyear, 564 U.S. at 919). Specific jurisdiction, in contrast, exists where the litigation arises out of or relates to the defendant's contacts with the forum. Id. This means that "there must be 'an affiliation between the forum and the underlying controversy, principally [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" Id. (quoting Goodyear, 564 U.S. at 919) (alteration in original). Where a court has specific jurisdiction, its authority is limited to adjudicating issues related to the very controversy on which that jurisdiction is based. Id.; see also Chavez v. Dole Food Co., Inc., 836 F.3d 205, 223 (3d Cir. 2016) (holding that courts may exercise specific jurisdiction over foreign defendants "when the cause of action arises from the defendant's forum related activities").

In its Complaint and its motion for default judgment, Plaintiff does not provide the Court with any explanation as to how this Court has either general jurisdiction or specific jurisdiction over Defendant Sovereign Logistics. The facts alleged by Plaintiff fail to show how Defendant's contacts with New Jersey establish general jurisdiction. Plaintiff has failed to provide any facts establishing that Defendant has the "continuous and systematic" affiliations with the state of New Jersey that are necessary to establish general jurisdiction. Additionally, it appears that specific jurisdiction does not exist in this case. The matter at bar is based upon damages to cargo housed inside of an oceangoing container. The Complaint states that these damages occurred

"[a]s a result of [the container's] exposure to standing water immediately prior to loading onto the oceangoing container vessel." (Compl. ¶ 12.) The loading of the oceangoing container vessel occurred in Mombasa, Kenya, and the damages that occurred prior to this were discovered after the container arrived in Newark, New Jersey. When the damages were discovered in New Jersey, the container was in transit and traveling to its final destination in Bentonville, Arkansas. Thus, it appears that the cause of action arose from activities in Mombasa, Kenya, and the facts, as alleged, fail to establish specific jurisdiction in New Jersey. The Court is unaware of and Plaintiff fails to cite any authority that would provide this Court with personal jurisdiction over Defendant simply because the damages were discovered in this state.

In the motion at bar, Plaintiff seeks entry of default judgment against Defendant Sovereign Logistics. As previously noted, the entry of default judgment is discretionary. See Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). However, prior to exercising this Court's discretion, the Court must first "satisfy itself that it has personal jurisdiction over the party against whom default judgment is requested." D'Onofrio v. Il Mattino, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006) (citing Mwani v. bin Laden, 417 F.3d 1, 6 (D.C. Cir. 2005)). "A default judgment entered without personal jurisdiction is void." Id. (citing System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy, 242 F.3d 322, 324 (5th Cir. 2001)). Because Plaintiff has failed to show how this Court has personal jurisdiction over Defendant Sovereign Logistics, and the Court will not enter an invalid judgment, the Court will deny Plaintiff's request for the entry of default judgment. The motion is denied without prejudice and Plaintiff may refile the motion with facts establishing how and why the Court has personal jurisdiction over Defendant.

The Court further notes that the Bill of Lading clearly designates that jurisdiction lies in Mombasa, Kenya. The parties agreed to the terms of the Bill of Lading, and this agreement

stipulates that, in the event of a dispute arising under the Bill of Lading, jurisdiction should lie in "the country where the carrier has his principal place of business." (Bill of Lading ¶ 3.) The principal place of business of the carrier, Sovereign Logistics, is in Mombasa, Kenya. Thus, a court sitting in the Republic of Kenya has jurisdiction over the matter and it appears that jurisdiction is improper in the District of New Jersey, as per the written agreement between the parties. If Plaintiff refiles its motion for default judgment in any court sitting outside of Kenya, Plaintiff will need to explain why Paragraph Three of the Bill of Lading does not apply.

In the event that Plaintiff does file an additional motion for default judgment, Plaintiff will also need to explain why venue is appropriate in this district. The Complaint states that venue is proper in New Jersey under 28 U.S.C. § 1391(b) because the "subject cargo was delivered to the Port of Newark, New Jersey . . . and the subject damage was discovered there." (Compl. ¶ 5.) 28 U.S.C. § 1391 provides as follows:

> (b) Venue in general. A civil action may be brought in - -
>
> > (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> >
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> >
> > (3)  if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under Section 1391, it appears that the District of New Jersey is not an appropriate venue in which to lay this action. The sole Defendant does not reside in New Jersey. Nor is there any indication that a substantial part of the events giving rise to this action occurred in New Jersey.

The facts of the Complaint allege that the container was exposed to standing water, damaging the cargo, prior to loading onto the oceangoing container vessel in Mombasa, Kenya. The cargo was sent from Kenya to its final destination in Arkansas. The damage to the cargo was discovered after the shipment arrived at the port of discharge in Newark, New Jersey. The Court is unaware of any authority that designates venue as the place wherein damages are discovered.

Finally, the Court has reviewed the "Return of Service" form that was filed by Plaintiff. This document states that Stanley N. Aura, a Judiciary Licensed Court Process Server, served either Pauline Karirwa or Defendant in Mombasa, Kenya. Service of the Summons and Complaint was made on February 10, 2019. The document fails to indicate the specific method of service used. The Court notes that the "Return of Service" that was submitted requires that the server specify the manner in which Defendant was served. Here, the server failed to indicate the method by which Defendant was served, and it is unclear as to whether Defendant was personally served or whether the Complaint and Summons were left with another individual. Most importantly, the documents provided fail to show that the method of service was in compliance with international conventions and requirements pertaining to service abroad. If Defendant files an additional motion for summary judgment, Defendant must show that service was in compliance with appropriate statutes and international service requirements.

**III.    CONCLUSION**

For the foregoing reasons, the Court will deny Plaintiff's motion for default judgment against Defendant Sovereign Logistics. An appropriate Order will be filed.

   s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated:  June 16, 2020

8